THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAX SWILLER, PLAINTIFF IN ERROR.

Submitted July 9, 1917—Decided October 11, 1917.

On writ of error to the Supreme Court, in which the following *per curiam* was filed:

"The defendant was convicted of the crime of carnal abuse committed upon the body of one Tille Esakov, a young girl of fourteen years of age, at his home in New Brunswick in the latter part of October, 1913.

"The case comes up for review on strict bill of exceptions and assignments of error, and must be so considered by this court, notwithstanding the contention of counsel for the plaintiff in error that, because his client intended to claim the wider review provided by the one hundred and thirty-sixth section of the Criminal Procedure act, we should give him the benefit of his intention, without regard to the fact that he failed to take any of the steps required by the statute in order to entitle him thereto.

"Five errors are assigned, each one of which is directed at a ruling of the trial court admitting evidence over the objection of the plaintiff in error.

"The case made by the state was that the complaining witness, Tillie Esakov, lived with her parents on a farm near Metuchen; that late in the afternoon, or early in the evening, she was called from the corn field by her mother, and told to go to Swiller's store, in New Brunswick, and ask him to come to the farm for some corn on the following morning; that her mother gave her sufficient money to pay her carfare from Metuchen to New Brunswick, but none for the return trip; that pursuant to her mother's instructions she went to Swiller's store, in New Brunswick, and that the latter persuaded her to accompany him to his home where he said his mother and his brother were, in order that they all might talk the matter over together; that when they got to his home neither his mother or brother were there; that he kept the

girl at his house all night; that he ravished her twice, and in the morning sent her back home, giving her money to pay her carfare, and also a folded paper, saying, as he did so, 'Give this to your mother, she knows what it is for.' These facts were all proved by the testimony of Tillie Esakov. She was then asked what she did with the piece of paper which the plaintiff in error had given to her with the instruction that she deliver it to her mother. This question was objected to upon the ground that it inquired into a matter which was irrelevant to the issue. The witness answered: 'I gave it to my mother and she opened it in front of me and there was two five-dollar notes in it.' The admission of this testimony over the objection of the plaintiff in error is made the basis of the first assignment. The argument in support of the assignment is that the testimony was immaterial, and its reception erroneous, because the jury might have inferred that the criminal abuse which is the subject-matter of the indictment was the result of a prearranged plan between the mother and the plaintiff in error. It may be conceded that the testimony was calculated to produce such an impression, but we are unable to see why that fact made its admission erroneous. If it be true that there was such a prearranged plan, the plaintiff in error being a party to it, that fact would go far toward justifying the jury in concluding that the plaintiff in error was guilty of the charge made against him. The testimony, instead of being immaterial, was not only relevant, but most important in the establishment of the state's case.

"The second assignment of error is directed at a ruling of the trial court permitting the witness Tillie Esakov to testify that, as a result of an interview with her father some five months after the criminal assault upon her, and at which she told the story to him, she went with her father to consult a physician. This testimony was objected to upon two grounds —*first*, that her consultation with a physician five months after the assault had been committed upon her was a matter too remote to make it of evidential value, and *second*, that it did not appear for what purpose she had consulted the physician, the suggestion being that it might have been a cause

entirely disconnected with the matter under investigation. As to the second ground of objection, it was immediately eliminated by the statement that the visit to the physician was 'about the complaint that she had made to her father as to what Swiller had done to her,' and that it was then discovered that she was in the family way. The contention that it was too remote cannot avail the plaintiff in error, for the reason that the question of remoteness is one which is always to be determined by the trial court as a matter, directed to its discretion, and the determination of the court upon the matter is not reviewable unless it appears that there was a palpable abuse of such discretion. There is no suggestion made on behalf of the plaintiff in error that this was the fact in the present case, nor is there any ground for such conclusion.

"The third assignment of error is directed at a question asked upon cross-examination of Anna Esakov, the mother of the complaining witness, who was called on behalf of the plaintiff in error. The question was, Were you in New Brunswick at the home of Max Swiller at any time before you left Metuchen and went to reside in Baltimore? The objection to the question was that it called for a matter which was entirely irrelevant, except, perhaps, for the purpose of showing friendly relations existing between the plaintiff in error and Mrs. Esakov. But, assuming this question called for irrelevant matter in reply, and was, therefore, objectionable, the answer to it was in the negative, and, consequently, no harm could have come to the plaintiff in error by the question and answer.

"The fourth and fifth asignments of error were abandoned by counsel at the argument, the statement in his brief being that they 'do not appear to show anything harmful to the defendant.'

"Other reasons why the conviction under review should be reversed have been argued by counsel for the plaintiff in error in his brief, but as none of those matters are raised by assignments of error, they are not entitled to judicial consideration by us.

"The judgment under review will be affirmed."

For the plaintiff in error, *John P. Kirkpatrick.*

For the state, *John W. Wescott,* attorney-general.

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPEN-HEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.